UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 23-CV-2004 (DG) (RER)

———————————

STAR HYUNDAI, LLC D/B/A GENESIS OF BAYSIDE

VERSUS

GENESIS MOTOR AMERICA LLC

———————————

**REPORT & RECOMMENDATION**

September 12, 2023

———————————

TO THE HONORABLE DIANE GUJARATI
UNITED STATES DISTRICT JUDGE

**RAMON E. REYES, JR., U.S.M.J.:**

Plaintiff Star Hyundai, LLC, d/b/a Genesis of Bayside, ("Plaintiff" or "Bayside") commenced this action against Genesis Motor America LLC ("Defendant" or "Genesis") on January 13, 2023, in the Supreme Court of the State of New York for Queens County, alleging violations of the New York Franchised Motor Vehicle Dealer Act, Veh. & Traf. § 460 *et seq.* (the "Dealer Act"). (ECF No. 1-1 ("Summons")). Plaintiff filed its Complaint on February 23, 2023. (ECF No. 1-4 ("Compl.")). On March 15, 2023, Defendant removed the action to this Court, invoking diversity jurisdiction under 28 U.S.C. § 1332. (ECF No. 1 ("Notice of Removal")). Plaintiff now moves to remand the action to state court, claiming that Defendant's removal was untimely. (ECF No. 11). After carefully reviewing the record, and for the reasons set forth herein, I respectfully recommend that Plaintiff's motion be denied.

1

# BACKGROUND[1]

I. <u>Factual Background</u>

Plaintiff is a New York-based limited liability company ("LLC") that operates as a franchised motor vehicle dealer authorized to sell and service Genesis vehicles. (Compl. ¶¶ 2, 6). Genesis is a California-based LLC that is a franchisor of Genesis vehicles. (Compl. ¶ 7). Plaintiff and Defendant are parties to the Genesis Dealer Sales and Service Agreement with Standard Provisions (the "Dealer Agreement"). (Compl. ¶ 8; *see also* ECF No. 5-1 ("Dealer Agreement")). Plaintiff alleges that Defendant violated the Dealer Act by modifying Plaintiff's primary market area and seeks injunctive relief enjoining this modification in addition to attorney's fees and costs incurred in the prosecution of this action. (Compl. ¶¶ 3, 5). Both the Summons with Notice and the Complaint allege that this modification is an unfair franchise change prohibited by § 463(2)(ff) of the Dealer Act because it would "materially and substantially alter Plaintiff's rights, obligations, investment and return on investment." (Summons at 1–2; *see also* Compl. ¶ 25 (the change "may substantially and adversely affect Bayside's rights, obligations, investment or return on investment.")).

II. <u>Procedural History</u>

On January 13, 2023, Plaintiff initiated this action in New York State Court by filing and serving a Summons with Notice. (*See* Summons). Defendant filed its notice of appearance on February 3, 2023, alongside its demand for a complaint. (*See* ECF No. 1-3). On February 23, 2023, Plaintiff filed and served the Complaint on Defendant. (*See* Compl.). Sixty-one days after receiving the Summons with Notice, on March 15, 2023, Defendant removed the action to federal

---

[1] The Court summarizes the facts drawn from the removal documents and from the parties' submissions in support of and in opposition to the motion to remand. The Court merely provides these facts as background and context. *See, e.g.*, *Intelligen Power Sys., LLC v. dVentus Techs. LLC*, 73 F. Supp. 3d 378, 379 (S.D.N.Y. 2014).

2

court, stating that this Court has diversity jurisdiction over the matter because the action involves citizens of different states and the amount in controversy exceeds $75,000. (Notice of Removal ¶ 2). In its Notice of Removal, Defendant asserts that for diversity purposes, an LLC takes the citizenship of each of its members. (Notice of Removal ¶ 3 (citing *Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012); *Barnes v. Fort Hamilton Fam. Homes*, 524 F. Supp. 3d 40, 42 (E.D.N.Y. 2021))). Defendant claims that it determined Plaintiff's citizenship by searching its records to identify the LLC's three members and obtaining a report from TransUnion's TLO database that disclosed each members' primary residence in New York State. (*Id.* ¶ 3–12; *see also* ECF No. 12 ("Def. Opp. Mot.") at 3). Defendant states that its sole member is Hyundai Motor America Corporation, which is organized under the laws of and has its principal place of business in California. (Notice of Removal ¶ 4).

Also in its Notice of Removal, Defendant asserts, "[i]n actions for injunctive relief, 'the amount in controversy is measured by the value of the object of the litigation.'" (Notice of Removal ¶ 14 (citing *Wash. Nat'l Ins. Co. v. OBEX Group LLC*, 958 F.3d 126, 136 (2d Cir. 2020))). Defendant claims that the amount in controversy is met because Plaintiff's most recent financial statements, which were previously submitted to Defendant as part of their franchise relationship, stated that "Net Investments" were $8,543,864, so a substantial effect on that investment must be more than $75,000. (Notice of Removal ¶¶ 14–17). Defendant also asserts that litigating this claim will amount to significant legal fees, adding to the required threshold. (*Id.* ¶ 20).

On April 13, 2023, Plaintiff moved to remand the action to state court based solely on the fact that Defendant's notice of removal was untimely, having been made more than thirty days after the Summons with Notice was served.[2] (*See* ECF Nos. 11, 11-1 ("Pl. Mot.")). On April 27, 2023,

---

[2] Plaintiff also argues that it is entitled to fees under 28 U.S.C. § 1447(c) due to Defendant's improper removal. (Pl. Mot. at 8). Because the Court finds that removal was proper, this request is denied.

3

Defendant filed its memorandum in opposition (*See* Def. Opp. Mot.), to which Plaintiff replied on May 5, 2023. (*See* ECF No. 13 ("Pl. Reply")).

## LEGAL STANDARD

A notice of removal of a civil action must be filed within thirty days after the defendant receives of a copy of the initial pleading. 28 U.S.C. § 1446(b)(1). If the initial pleading does not set out a case that is removable, then the notice of removal may be filed within thirty days after the defendant receives a copy of an amended pleading, motion, order, or other paper "from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). "[F]ederal courts construe the removal statute narrowly, resolving any doubts against removability." *Purdue Pharma L.P. v. Ky.*, 704 F.3d 208, 213 (2d Cir. 2013) (citation omitted). Although a plaintiff initiates the motion for remand, defendants bear the burden of establishing removability. *Cal. Pub. Emps' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004).

## DISCUSSION

This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000. (*See* Pl. Mot. at 9). Accordingly, the only issue in this case is whether Defendant's Notice of Removal was timely. Plaintiff asserts that its Summons with Notice qualifies as an initial pleading that started the running of the thirty-day period for Defendant to file a notice of removal because it sufficiently provided Defendant with the requisite information to ascertain whether a basis for removal existed. (Pl. Mot at 5). Specifically, Plaintiff claims that the Summons with Notice adequately identifies the parties, venue, claims, and relief sought. (*Id.*). Defendant, on the other hand, argues that the thirty-day period never started to run because on its face, neither the Summons with Notice nor the Complaint alerted Defendant to the fact that diversity jurisdiction existed, and instead,

4

Defendant was required to investigate both citizenship and amount in controversy to determine whether removal was available. (Def. Opp. Mot. at 3–7). For the reasons set forth below, the removal clock did not begin, and the Defendant's Notice of Removal was timely.

I.    Thirty-Day Notice Standard

A summons with notice is an initial pleading under 28 U.S.C. § 1446(b)(1) that can trigger the thirty-day period for removal. *See Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 204 (2d Cir. 2001) (holding that the initial pleading is not limited to the complaint—a summons with notice is sufficient). However, the initial pleading must enable "the defendant to intelligently ascertain removability from the face of such pleading, so that in its petition for removal, the defendant can make a short and plain statement of the grounds for removal." *Id.* at 206 (citations omitted). When removal is based on diversity, the facts required to support a removal petition include the amount in controversy and the address of each party. *Id.* "While this standard requires a defendant to apply a reasonable amount of intelligence in ascertaining removability, it does not require a defendant to look beyond the initial pleading for facts giving rise to removability." *Id.*

The Second Circuit has also held that "the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010). Even "[u]nder the *Moltner* standard, defendants must still apply a reasonable amount of intelligence in ascertaining removability." *Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 143, 145 (2d Cir. 2014).[3] Nevertheless, defendants need not consider material beyond the initial pleading or other

---

[3] Although *Cutrone* addressed removal in connection with an action involving the Class Action Fairness Act ("CAFA"), district courts in this Circuit have applied its holding more broadly across motions to remand wherein diversity jurisdiction is asserted as the basis for removal. *See, e.g.*, *Thompson v. Rojas*, No. 21-CV-3748 (KAM) (RER), 2022 WL 4357463, at *2 (E.D.N.Y. Sept. 20, 2022) (applying *Cutrone* to a personal injury action); *Tilton v. MBIA Inc.*, 620 B.R. 707, 716 (S.D.N.Y. 2020) ("While *Cutrone* was decided in the CAFA context, its holding applies here [a bankruptcy proceeding]."); *Mitilinios v. Costco Wholesale Corp.*, No. 17-CV-5306 (AMD) (SMG), 2018 WL

5

applicable document. *Id.* at 145. Thus, "the removal periods of 28 U.S.C. §§ 1446(b)(1) and (b)(3) are not triggered until the plaintiff provides facts explicitly establishing removability or alleges sufficient information for the defendant to ascertain removability." *Id.* This "bright line rule" is "preferable to the uncertainties faced by defendants in determining removability" and "avoids courts 'expending copious time determining what a defendant should have known or have been able to ascertain at the time of the initial pleading [or other relevant filing].'" *Id.* (citing *Moltner*, 624 F.3d at 38 and quoting *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013)).

II. <u>The Parties' Citizenship Was Not Sufficiently Stated in the Summons with Notice</u>

This case turns on whether the Plaintiff's Summons with Notice adequately alerted Defendant to the parties' citizenship and the amount in controversy so as to begin the running of the thirty-day period.[4] Looking first to the question of citizenship, Plaintiff argues that not only did the Summons with Notice adequately alert Defendant to the diversity of the parties, but also that due to the parties' contractual franchise relationship, Defendant merely had to apply a reasonable amount of intelligence to the pleading to ascertain removability. (Pl. Mem. at 4–7). An LLC's citizenship for the purposes of diversity jurisdiction is determined by the citizenship of each of its members, not by the address of the LLC. *See Bayerische Landesbank, New York Branch*, 692 F.3d at 49. The Plaintiff's Summons with Notice, however, states only the LLC's address. (Summons at 1–2).

---

941715, at *2 (E.D.N.Y. Jan. 31, 2018) (a personal injury action); *Enterprises v. Allen*, No. 15-CV-6675 (KAM) (RER), 2016 WL 3512176, at *4 (E.D.N.Y. June 22, 2016) (an action to dissolve a partnership and sell its real property); *Verelon Holding, B.V. v. Standley*, No. 14 Civ. 7874 (CM), 2014 WL 6386733, at *3 (S.D.N.Y. Nov. 13, 2014) (a fraud case).

[4] The Court recognizes the Notice of Removal was filed within thirty days of Defendant's receipt of the Complaint. (*See* Notice of Removal; *see also* Compl.). However, the Complaint does not allege any additional facts that would put the Defendant on notice as to the existence of diversity jurisdiction. Therefore, because removal was based on the same information alleged in the Summons with Notice and the Complaint, if the removal clock were to have started, it would have begun with the service of the Summons with Notice.

6

If a plaintiff's pleading does not sufficiently disclose citizenship on its face, the thirty-day removal clock does not start. For example, in *Intelligen Power Sys., LLC v. dVentus Technologies LLC*, when the plaintiff-LLC's pleading in state court did not disclose its membership or citizenship, the court denied the plaintiff's motion to remand, despite that the defendant's removal occurred fifty-seven days after receipt of the summons with notice. 73 F. Supp. 378, 381 (S.D.N.Y. 2014). There, the court reasoned that the thirty-day period had not yet started because the pleading lacked the LLC's membership or citizenship information, so the defendant "could not know, from the face of the summons, whether [the plaintiff] had a member that" destroyed diversity. *Id.* Although there is no explicit duty for a plaintiff to list the residency of each member of an LLC in their pleading, where plaintiff's "pleadings did not make its citizenship apparent, the 30-day clock 'did not begin to run' immediately." *Id.* (citing *Moltner*, 624 F.3d at 37; *cf. id.* at 38 ("[T]he removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought.")).

Here, the parties have been in a contractual relationship for four years. (Def. Opp. at 9; *see also* Dealer Agreement at 8). The contract states Plaintiff's three members and their addresses at the time of signing in 2019. (Dealer Agreement at 2). Although, unlike here, the litigants in *Intelligen* were parties to a contract that did not disclose the LLC's citizenship, its premise still applies. 73 F. Supp. 3d at 381. The Court does not assume that Defendant had knowledge as to whether any of the Plaintiff's members changed or moved since the contract was signed. *Cf. Cutrone*, 749 F.3d 137, 145 (the bright line rule prevents courts from spending extensive time on determining whether a defendant should have known a fact upon receipt of a pleading). In order to ensure that none of Plaintiff's members lived in California, which would destroy diversity, Defendant was obliged to look beyond the pleading and investigate Plaintiff's members and their

7

domiciles. (Notice of Removal ¶ 6–11; *see also* Def. Opp. Mot. at 3). Therefore, Plaintiff's Summons with Notice does not sufficiently state the LLC's citizenship for purposes of diversity, so the removal clock did not begin.

III.  <u>The Amount in Controversy Was Not Sufficiently Stated in the Summons with Notice</u>

Plaintiff argues that Defendant did not exercise a reasonable amount of intelligence in assessing the amount in controversy because it already knew the amount in controversy "well before this action commenced" due to Plaintiff's reported, monthly financial statements. (Pl. Mot. at 7–8 (relying on *Ohno Enters. V. Allen*, No. 15-CV-6675 (KAM) (RER), 2016 WL 3512176 (E.D.N.Y. June 22, 2016)). Because Plaintiff seeks injunctive relief, "the amount-in-controversy is measured by the value of the object of the litigation." *DiTolla v. Doral Dental IPA of N.Y., LLC*, 469 F.3d 271, 276 (2d Cir. 2006) (citing *Hunt v. Wash. State Apple Advert. Comm'n*, 423 U.S. 333, 347 (1977)). Because the amount in controversy was not stated in the Summons with Notice, or ascertainable by Defendant, the removal period was not triggered.

In *Ohno Enterprises*, when the plaintiff sought to dissolve a partnership and sell its real property, in which both the plaintiff and defendant had 50% stakes, the court found that the defendant could apply a reasonable amount of intelligence to the pleading to know that the amount in controversy exceeded $75,000. 2016 WL 3512176, at *1, 5. There, the defendant not only was on notice as to the value of 50% of the property at the time of plaintiff's acquisition, which was above the $75,000 threshold, but also admitted that he completed renovations, maintained maintenance and repairs, and paid all mortgage payments, insurance, and real estate taxes for the past fourteen years. *Id.* at *6. Thus, the court determined that the defendant had "intimate knowledge regarding the property[,]" making him aware that the damages sought exceeded the amount in controversy requirement. *Id.*

By contrast, here, Defendant did not have a clearcut ability to ascertain damages. As opposed to the sale of real property, Plaintiff seeks an injunction to prevent an action that would "materially and substantially alter Plaintiff's rights, obligations, investment and return on investment." (Summons at 1–2). Although Defendant receives regular financial reports from Plaintiff, to determine that the $75,000 threshold was met, Defendant had to seemingly assume the monetary value of the injunction. (Notice of Removal ¶¶ 14–15; *see also* Def. Mot. at 5–6). Likewise, Plaintiff seeks attorney's fees and costs, which Defendant presumed for removal purposes would add to the requisite $75,000, thus exceeding the amount in controversy.[5] (Summons at 1–2; *see also* Notice of Removal at 20). In sum, the Summons with Notice did not state the amount in controversy on its face and required more than a "reasonable amount of intelligence" for Defendant to ascertain the damages. Accordingly, the bright line rule applies, and the removal clock did not begin when the Summons with Notice was served.[6] *See Cutrone*, 749 F.3d at 145; *see also Moltner*, 624 F.3d at 38. Therefore, Defendant's Notice of Removal was timely.

## **CONCLUSION**

For the reasons set forth above, I respectfully recommend that Plaintiff's Motion to Remand be denied. Plaintiff's counsel is hereby directed to serve copies of this Report and Recommendation upon Defendant by regular and certified mail and to file proof of service with the Clerk of the Court. Any objections to the recommendations made in this Report must be filed

---

[5] In its Motion to Remand, Plaintiff effectively confirmed that the amount in controversy was well-above the $75,000 threshold, corroborating the existence of diversity jurisdiction. (*See* Pl. Mot. at 8).

[6] Plaintiff argues that this approach represents form over substance (Pl. Mot. at 6), but this approach ensures that the substance of a defendant's notice of removal is true and accurate by delaying the running of the removal clock until the defendant either sufficiently investigates removability on their own or is served with papers that state the amount of damages sought. Regardless, here, Defendant moved fairly quickly, removing the case sixty-one days after being served with the Summons with Notice, twenty days after receipt of the Complaint, and after a complete investigation into removability had occurred. (*See* Notice of Removal)

9

with the Clerk of the Court and the Honorable Diane Gujarati within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

RESPECTFULLY RECOMMENDED.

Hon. Ramon E. Reyes, Jr.
Digitally signed by Hon. Ramon E. Reyes, Jr.
Date: 2023.09.12 13:45:13 -04'00'

RAMON E. REYES, JR.
United States Magistrate Judge

Dated: September 12, 2023
Brooklyn, NY